**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4055**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JESUS ZAVALA, a/k/a Jesus Zavola, a/k/a Jesus Carnegro
Zavalia, a/k/a Chico Zavala, a/k/a Antonio Esparaza, a/k/a
Jesus Carnegro Zavala,

             Defendant - Appellant.


Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:13-cr-00066-MR-DLH-1)


Submitted:  August 6, 2015          Decided:  August 11, 2015


Before WILKINSON, GREGORY, and AGEE, Circuit Judges.


Affirmed by unpublished per curiam opinion.


Ross Hall Richardson, Executive Director, Ann L. Hester, FEDERAL
DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North
Carolina, for Appellant.  Jill Westmoreland Rose, Acting United
States Attorney, Amy E. Ray, Assistant United States Attorney,
Asheville, North Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Zavala was sentenced to 48 months' imprisonment after pleading guilty to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). Zavala's only argument on appeal is that the district court committed significant procedural error in failing to sufficiently explain its chosen sentence. We affirm.

We review a defendant's sentence for reasonableness using an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. A district court's failure to adequately explain its sentence is a significant procedural error. Id.

In evaluating a sentencing court's explanation of a selected sentence, we have consistently held that, while the district court must consider the statutory factors and explain the sentence, it need not "robotically tick" through every 18 U.S.C. § 3553(a) (2012) factor on the record, particularly when the court imposes a sentence within the properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale

tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). We have applied these standards in the record before us, and conclude that the district court's explanation of the sentence was sufficient.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED